## Statement of the Case.

Prosecution by the People of the State of Illinois against Moses Brown, defendant, in the Circuit Court of DeKalb county. To reverse a judgment of conviction, defendant prosecutes this writ of error.

JAMES W. CLIFFE, for plaintiff in error.

LOWELL B. SMITH, for defendant in error; E. M. BURST, of counsel.

PER CURIAM.

### Abstract of the Decision.

1. CRIMINAL LAW, § 344*—*when proper to receive verdict in absence of defendant.* In a misdemeanor case it is not error to receive a verdict while defendant is absent from the court room on bail.

2. CRIMINAL LAW, § 592*—*when judgment affirmed by operation of law.* Where one of the judges of the Appellate Court is disqualified and the others are divided in opinion as to whether a judgment should be affirmed or reversed, the judgment is affirmed by operation of law.

Elizabeth Strickland, Executrix, Appellee, v. Alexander H. Strickland and Elizabeth Hibbs, Appellants.

### Gen. No. 6,143. (Not to be reported in full.)

Appeal from the Circuit Court of Woodford county; the Hon. THOMAS M. HARRIS, Judge, presiding. Heard in this court at the October term, 1915. Transferred to Supreme Court. Opinion filed October 22, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

## Statement of the Case.

Bill by Elizabeth Strickland, in her own right and as executrix, complainant, against Alexander H. Strickland and Elizabeth Hibbs, defendants, in the Circuit Court of Woodford county, praying for a construction of the will of James M. Strickland, deceased. The main question involved was whether defendants took a contingent or a vested remainder in testator's real estate under the will sought to be construed. From a decree that defendants took a contingent remainder in such real estate, defendants appeal.

KIRK & SHURTLEFF, for appellants.

BOSWORTH & BOSWORTH and RIELY & RIELY, for appellees.

PER CURIAM.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 126*—*when question of freehold involved on appeal from decree construing will.* On appeal from a decree construing a will disposing of both real and personal property, which will, after making certain specific bequests of personalty, devised to testator's wife, for her use during her natural life, all the remaining property of testator, with remainder to others after the termination of the life estate, an assignment of error asking a remand with mandate to determine and decree that such residuary legatee took only a life estate in testator's real estate, *held* to raise a question of freehold, in that the determination asked for does not give to such residuary legatee power to sell such real estate.

2. APPEAL AND ERROR, § 123*—*when Appellate Court no power to determine question of freehold.* The Appellate Court has no legal power to determine a question of freehold.

3. APPEAL AND ERROR, § 123*—*when cause involving freehold transferred to Supreme Court.* Where a cause appealed to the Appellate Court involves a question of freehold, the cause must be transferred to the Supreme Court under section 102 of the Practice Act (J. & A. ¶ 8639), providing for the disposition of cases improperly appealed.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.